# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ENERGY FUTURE COALITION, *et al.*,
      Plaintiffs

    v.

OFFICE OF MANAGEMENT
AND BUDGET, *et al.*,
      Defendants.

Civil Action No. 15-1987 (CKK)

## MEMORANDUM OPINION
(July 25, 2016)

Plaintiffs Energy Future Coalition and Urban Air Initiative, Inc. filed suit against

Defendants, the Office of Management and Budget and the Office of Information and Regulatory

Affairs, seeking declaratory and injunctive relief under the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552. After Plaintiffs submitted a request for documents relating to toxic

emissions, Plaintiffs filed suit alleging that OMB and OIRA failed to comply with the statutory

deadlines to respond to Plaintiffs' FOIA request.

Presently before the Court are Plaintiffs' [16] Motion for Scheduling Order and

Defendants' [23] Motion for an *Open America* Stay. Upon consideration of the pleadings,[1] the

relevant legal authorities, and the record as a whole, the Court shall GRANT Defendants' [23]

Motion for an *Open America* stay and shall DENY the relief requested by Plaintiffs in their [16]

Motion for Scheduling Order. Specifically, the Court shall stay the proceedings in this matter for

six months, until **January 25, 2017**.

---

[1] The Court's consideration has focused on the following documents: Pls.' Complaint, ECF No. [1]; Defs.' Status Report, ECF No. [14]; Defs.' Proposed Briefing Schedule, ECF No. [15]; Pls.' Motion for Scheduling Order, ECF No. [16]; Defs.' Response and Motion for an *Open America* Stay, ECF No. [23]; and Pls.' Reply in Support of Pls.' Motion for Scheduling Order, ECF No. [24]; Defs.' Notice of Filing, ECF No. [28]; Pls.' Response to Defs.' Notice of Filing, ECF No. [27]; and Defs.' Supplemental Notice of Filing, ECF No. [29].

# I. BACKGROUND

According to the Complaint, Plaintiff Energy Future Coalition ("EFC") is "an unincorporated initiative of the Better World Fund, which is in turn a nonprofit publicly supported organization." Compl., ECF No. [1], at ¶ 3. Its purpose is "to identify and advance pragmatic solutions to energy and environmental policy challenges that can achieve broad-based bipartisan support in the public interest." *Id.* Plaintiff Urban Air Initiative, Inc. ("UAI") is a "social welfare organization dedicated to educating the public about health threats posed by domestic use of petroleum-based fuels, and to taking positive steps to reduce the threat to public health by encouraging a change in the additives used in such fuels." *Id.* at ¶ 4.

On March 17, 2015, EFC and UAI (collectively, "EFC") submitted a FOIA request to the Office of Management and Budget ("OMB") and the Office of Information and Regulatory Affairs ("OIRA")—which is a component of OMB—requesting agency records "that pertain to tailpipe emissions, air toxics, aromatic hydrocarbons, particulate matter (PM), and fine particulate matter (PM$_{2.5}$)," dated from January 20, 2009 to May 21, 2010. *Id.* at ¶ 6.

On or about September 30, 2015, OMB's paralegal left a voicemail message for EFC's counsel regarding Plaintiffs' request on or about September 30, 2015.[2] Hardy Decl., ECF No. [23-1], at ¶ 13. That same day, Plaintiffs' counsel returned the call and discussed the possibility of narrowing the scope of the FOIA request. *See* Transcript of Phone Call (Sept. 30, 2015), ECF No. [24-1], at 4-6. During that phone call, OMB's paralegal indicated that she would "touch base with my boss" regarding the possibility of narrowing the scope of the FOIA request, and

---

[2] OMB maintains that on or about August 1, 2015, OMB's paralegal and an attorney from OMB's Office of the General Counsel left a voicemail message with Plaintiffs' counsel that went unanswered. Hardy Decl., ECF No. [23-1], at ¶ 12. However, Plaintiffs' counsel has no record or recollection of the message. Gustafson Decl., ECF No. [24-1] at ¶ 10.

would call Plaintiffs' counsel at a later time to further discuss the matter. *Id.* at 6. Having received no further correspondence from OMB regarding its request, Plaintiffs filed suit on November 11, 2015. *See Compl.*, ECF No. [1]; Gustafson Decl., ECF No. [24-1] at ¶ 8. The Complaint alleges, and OMB does not dispute, that OMB failed to make a determination with regard to EFC's FOIA request within the twenty-day deadline set by the FOIA. *See* Compl., ECF No. [1], at 3; Def.'s Answer, ECF No. [10], at ¶ 9.

Upon the filing of OMB's Answer, the Court ordered the parties to confer and propose a schedule for proceeding in this matter. *See* Order (Jan. 20, 2016), ECF No. [11]. Pursuant to that Order, the parties filed a Joint Status Report, proposing that OMB file a status report containing its proposed document production schedule and addressing whether a motion for an *Open America* Stay was necessary. *See* Jt. Status Report, ECF No. [12], at 3. OMB submitted a proposed document production schedule, under which OMB would review 500 documents per month out of an estimated 4,900 emails that had been identified as potentially responsive to Plaintiffs' request, not including attachments. Defs.' Status Report (Mar. 9, 2016), ECF No. [14]. In addition, OMB indicated that it would exclude attachments to emails from the search for responsive documents, without prejudice to Plaintiffs' right to receive the responsive attachments, subject to applicable FOIA exemptions, upon request following Plaintiffs' review of the email(s) to which they were attached. *See id.* OMB also indicated that in the event that Plaintiffs requested that OMB provide a *Vaughn* Index for any documents produced prior to OMB completing production of all responsive documents, OMB would provide Plaintiffs with a *Vaughn* Index within a reasonable period of time, not more than 60 days, following such request. *See id.*

In response, Plaintiffs requested a more accelerated production schedule, under which OMB would (1) review 1,000 email records per month, (2) identify all email attachments withheld from the produced emails, (3) produce any attachments within 60 days of Plaintiffs' request, and (4) produce a *Vaughn* index within 60 days of Plaintiffs' request, identifying any withheld or redacted documents and explaining the basis for the withholding or redaction. See Pls.' Motion for Scheduling Order, ECF No. [16], at 4.

OMB subsequently filed its motion to grant OMB an *Open America* Stay and to sustain OMB's proposed production schedule. *See* Def.'s Resp., ECF No. [23] at 1-2. In support of its motion, OMB submitted a declaration from Dionne Hardy, the FOIA Officer at OMB. *See generally* Hardy Decl., ECF No. [23-1]. The Hardy Declaration provides additional details as to the current state of the backlog of FOIA requests before OMB. Over the past several years, OMB has faced a significant increase in the number of FOIA requests, resulting in a growing backlog in the processing of such requests. *Id.* at ¶ 6. Apart from EFC's request, OMB is in litigation in two other FOIA cases and is in the process of reviewing approximately 68 additional FOIA requests. *Id.* at ¶ 7. To address this backlog, OMB hired a dedicated FOIA paralegal specialist in or about April 2015. *Id.* at ¶ 6. OMB also obtained the services of a contractor on or about August 24, 2015. *Id.* While the addition of this contractor helped reduce backlog, it did not eliminate it, and the contractor left OMB in or about December 2015. *Id.* OMB is actively seeking to hire a new contractor to help reduce the backlog. *Id.*

At present, OMB employs two full-time employees devoted to processing FOIA requests and one employee who, among other duties, processes FOIA requests. *See id.* at ¶ 6; *see also* Defs.' Notice, ECF No. [26], at 1. OMB's FOIA staff currently reviews approximately 575 documents per day to keep up with current requests as well as ongoing litigation. *Id.* at ¶ 6-7;

According to OMB, it "primarily focuses its limited resources on . . . older, complex requests, which were received in fiscal years 2013, 2014, and 2015." Defs.' Notice of Filing, ECF No. [26], at 1. As of the date of this Memorandum Opinion, there are a total of 27 FOIA requests being processed by OMB that predate Plaintiff's request, which was received on March 18, 2015. *Id.* This number includes eight pending requests from 2015, fourteen pending requests from 2014 (two of which are in litigation), and five pending requests from 2013. *Id.*

OMB also notes that it has recently adopted new procedures to address the significant increase in the number and complexity of FOIA requests that the agency receives. *Id.* Previously, it generally prioritized the review and production of documents for requests in the order in which they are received. *Id.* However, given the rise in volume and complexity of FOIA requests and appeals received by the agency, OMB is "no longer able to process purely on such a 'first-in, first-out' basis." *Id.* Instead, OMB has adopted a "multi-track" processing system, under which OMB now places requests in one of three queues: (1) expedited, (2) simple, and (3) complex. *Id.* The "simple track" is for requests that do not involve voluminous records of lengthy consultations with other entities. *Id.* The "complex track" is for requests that OMB determines involve voluminous records, requests for which lengthy or numerous consultations are required, or requests that may involve sensitive records. *Id.* The "expedited track" is for requests that OMB grants expedited tracking in accordance with the FOIA statute and applicable OMB regulations. *Id.*; *see also* 5 U.S.C. § 522(a)(6)(E); 5 C.F.R. § 1303.10(d).

Under this "multi-track" processing system, "reviews and produces documents to the requester on a rolling basis," and it "reviews of these older, complex requests are being done concurrently." *Id.* at 1-2. Additionally, in order to avoid a large backlog of requests while OMB works through the older complex requests, OMB devotes a small percentage of its resources to

process "simple" FOIA requests it has received in the current fiscal year. *Id.* at 2. According to OMB, responses to these "simple" requests do not involve the review of a large volume of records or consultation with other offices. *Id.* OMB asserts that this system allows it to respond quickly to the requester. *Id.*

OMB has placed Plaintiffs' FOIA request in the "complex track." Defs.' Supplemental Notice, ECF No. [29]. OMB maintains that due to limited resources and its ongoing responses to FOIA requests that proceeded Plaintiffs' request, OMB can commit to reviewing only 500 documents each month in response to Plaintiffs' request. Hardy Decl., ECF No. [23-1], at 5. According to OMB, it cannot commit to reviewing more than 500 documents per month without impacting its ability to response to the FOIA requests that preceded Plaintiffs' request. *Id.*

Plaintiffs' do not dispute the validity of OMB's decision to place Plaintiffs' FOIA request in the "complex track," nor do Plaintiffs argue that their request qualifies for "expedited" treatment under applicable authorities. Instead, Plaintiffs contend that the agency has not exercised due diligence in responding to Plaintiffs' request, and that OMB's production schedule is not reasonable. *See* Pls.' Response to Defs.' Notice, ECF No. [27], at 1.

## II. LEGAL STANDARD

The Freedom of Information Act provides, in relevant part, that upon receipt of a FOIA request, the responding agency must

> Determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.

5 U.S.C. § 552(a)(6)(A)(i). Section 552(a)(6)(C)(i) provides that if a requesting party files suit following the responding agency's failure to comply with the statutory deadlines, "[i]f the

Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records." In *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), the D.C. Circuit found that an agency is entitled to additional time under this "exceptional circumstances" provision when the agency:

> Is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can show that it "is exercising due diligence" in processing the requests.

*Id.* at 616 (quoting 5 U.S.C. § 552(a)(6)(C)).

Congress subsequently amended the Freedom of Information Act to include two additional factors for the Court to consider in analyzing whether exceptional circumstances exist in a particular case:

> [T]he term "exceptional circumstances" does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. Refusal by a person to reasonably modify the scope of a request or arrange an alternative time frame for processing a request (or a modified request) ... after being given an opportunity to do so by the agency to whom the person made the request shall be considered as a factor in determining whether exceptional circumstances exist for purposes of this subparagraph.

5 U.S.C. § 552(a)(6)(C)(ii)-(iii). The legislative history of these amendments indicates that Congress intended the amendments to be "consistent with the holding in Open America," and merely sought to "clarify that routine, predictable agency backlogs for FOIA requests do not constitute exceptional circumstances." H.R. Rep. 104–795 at 24 (1996), *reprinted in* 1996 U.S.C.C.A.N. 3448, 3467. Courts have routinely held that in addition to the issues outlined in the statute, other circumstances are relevant considerations when faced with a request for an *Open America* stay, including "an agency's efforts to reduce the number of pending requests, the

amount of classified material, [and] the size and complexity of other requests processed by the agency." *Elec. Frontier Found. v. Dep't of Justice*, 517 F. Supp. 2d 111, 117 (D.D.C.2007).

When considering a request for an *Open America* stay, "[a]gency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims." Saf*eCard Services, Inc. v. Securities and Exchange Commission*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citations and internal quotation marks omitted).

### III. DISCUSSION

The Freedom of Information Act requires OMB to make two showings before the Court may grant a stay of the proceedings:  (1) that exceptional circumstances exist; and (2) that OMB is "exercising due diligence" in responding to EPIC's request.  5 U.S.C. § 552(a)(6)(C)(i).

OMB argues that it satisfies both requirements, and thus asks the Court to stay proceedings in this matter, and that the Court enter the scheduling order proposed by OMB.  *See* Def.'s Resp., ECF No. [23] at 1-2.  Under OMB's proposed production schedule, OMB would continue to review 500 documents per month until it has reviewed all 4,900 emails that OMB identified as potentially responsive to Plaintiffs' FOIA request.  Defs.' Status Report, ECF No. [14].  To date, OMB has reviewed approximately 2,000 emails.  Defs.' Notice, ECF No. [26], at 3.  If OMB continues its current pace of reviewing 500 documents per month, then OMB will complete its review of the emails in approximately six months.

OMB contends that it has inadequate agency resources to review more than 500 documents per month.  Def.'s Resp., ECF No. [23], at 6.  In support, OMB cites its shortage in personnel, coupled with the significant backlog of FOIA requests.  *Id.*  OMB further contends that it has demonstrated due diligence in processing Plaintiffs' FOIA request, and that it is making reasonable progress in reducing the backlog of FOIA requests.  *Id.*  OMB argues that it

has worked with Plaintiffs to narrow the scope of the FOIA request to eliminate false positives in the electronic search for responsive documents, thus providing information responsive to the FOIA request more quickly. Hardy Decl., ECF No. [23-1], at ¶¶ 15, 16. OMB also cites its document-review procedure, which involves a document-by-document, line-by-line review conducted by agency personnel to identify material that is appropriate for release. *Id.* at ¶¶ 8-10. As explained in the Hardy Declaration, OMB staff perform multiple review of each document, so as to ensure that OMB has properly implemented the presumption of openness mandated by the President's FOIA Memorandum and the Attorney General's FOIA Guidelines. *Id.* at ¶¶ 9-10. OMB contends that this process ensures that FOIA requests are processed quickly, professionally, and according to established policy; despite the high volume of requests and the lack of personnel faced by the OMB. *Id.* at ¶¶ 8-10.

Plaintiffs contend that OMB has failed to make the necessary showing for an *Open America* stay, and that the Court should instead order OMB to review 1,000 emails per month. *See* Pls.' Mot. for Document Production Schedule, ECF No [16]. Plaintiffs contend that OMB has the resources to "review substantially more than the 500 documents per month envisioned by its original proposal." Pls.' Response to Defs.' Notice, ECF No. [27], at 4. Plaintiffs further contend that OMB has not diligently processed Plaintiffs' FOIA request, and that OMB's handling of Plaintiffs' request has been characterized by delay and neglect. *See* Pls.' Reply, ECF No. [24], at 3. Plaintiffs also assert that OMB has not justified the appropriateness of the "multi-track" processing system implemented by OMB, and that OMB failed to diligently respond to Plaintiffs' request when OMB was following the "first-in, first-out" system, which OMB has followed until April 2016. *See* Pls.' Response to Defs.' Notice, ECF No. [27], at 2-4.

Upon review of the parties' submissions, the Court finds that OMB has met its burden at showing both exceptional circumstances and due diligence. As to the "extraordinary circumstances" factor, the declaration of OMB's FOIA officer—which the Court accords a presumption of good faith that has not been rebutted by Plaintiffs on this issue—indicates that OMB has faced a significant increase in the number of FOIA requests, which has resulted in a growing backlog in the processing of such requests. Hardy Decl., ECF No. [23-1], at ¶ 6. At present, OMB is in litigation in two other FOIA cases and is in the process of reviewing approximately 68 additional FOIA requests. *Id.* at ¶ 7.[3] Of these 68 requests, 27 of them predate Plaintiffs' FOIA request and concern complex matters and/or comprise significant numbers of documents. *See* Defs.' Notice, ECF No. [26], at 1. OMB has only two full-time employees devoted to processing FOIA requests. *See id.* at ¶¶ 1-3, 6; *see also* Defs.' Notice, ECF No. [26], at 1.[4] According to the agency's declaration, OMB's staff is able to review only 575 documents per day to keep up with current requests as well as ongoing litigation. Hardy Decl., ECF No. [23-1], at ¶ 7. In light of the foregoing, the Court finds that OMB has demonstrated that "exceptional circumstances" exist, and that OMB is burdened with an "unanticipated number of

---

[3] The Court notes that in 2015, OMB closed 170 FOIA requests. Hardy Decl., ECF No. [23-1], at ¶¶ 15,

[4] OMB's submissions are not a model of clarity when it comes to identifying precisely which employees are in fact responsible for processing FOIA requests. From OMB's declaration and OMB's other pleadings, it appears that the two full-time employees dedicated to processing FOIA requests are OMB's FOIA Officer and a "dedicated FOIA paralegal specialist," who was hired by OMB in April 2015. *See* Hardy Decl., ECF No. [23-1], at ¶¶ 1-3, 6; *see also* Defs.' Notice, ECF No. [26], at 1. Plaintiffs interpret OMB's filings to conclude that OMB has hired additional FOIA staff since the filing of Ms. Hardy's declaration in April 2016, but the Court finds Plaintiffs' contention unavailing. The most recent Notice filed by OMB states clearly that OMB has two full-time employees dedicated to FOIA. *See* Defs.' Notice, ECF No. [26], at 1. The Court finds no evidence in the record to suggest that OMB's FOIA staffing has changed since April 2016.

FOIA requests" and its "resources are inadequate to process the requests within the time limits set forth in the statute." *Elec. Frontier Found. v. Dep't of Justice*, 563 F. Supp. 2d 188, 193 (D.D.C. 2008) (citation omitted); *see also Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976) (describing factors).

The Court also finds that OMB "is exercising due diligence" in processing Plaintiffs' request. *Open America*, 547 F.2d at 616. Shortly after Plaintiffs filed suit in November 2016, OMB's counsel worked with Plaintiffs' counsel to narrow the scope of the FOIA request to eliminate false positives in the electronic search for responsive documents. *See* Hardy Decl., ECF No. [23-1], at ¶¶ 15, 16.[5] OMB then completed its search, identifying 4,900 potentially responsive emails, plus associated document attachments. *Id.* at ¶¶ 16. Since April 2016, OMB has reviewed 500 emails each month, and as of the date of this Memorandum Opinion, OMB has completed the review of approximately 2,000 of the 4,900 emails identified as potentially responsive to Plaintiffs' request. Defs.' Notice, ECF No. [28], at 2-3.[6]

---

[5] The Court finds unavailing Plaintiffs' argument that OMB has not exercised due diligence in responding to Plaintiffs' request on the grounds that OMB's paralegal failed to follow up after a phone conversation that took place on September 30, 2015. During that phone call, the OMB paralegal and Plaintiffs' counsel discussed possible ways of narrowing the scope of the FOIA request, and the paralegal indicated that she would "touch base with [her] boss" and would get back in touch with Plaintiffs' counsel. *See* Pls' Reply, ECF No. [24], at 3-4. However, the record indicates that *neither party* followed up on that phone conversation prior to Plaintiffs' filing of the Complaint on November 11, 2015. *See* Gustafson Decl., ECF No. [24-1] at ¶¶ 8-10. The Court finds that any mistake by OMB was cured in light of the fact that soon after the filing of the Complaint, OMB's counsel contacted Plaintiffs' counsel, and the parties were able to reach an agreement that narrowed the scope of the request. *See* Hardy Decl., ECF No. [23-1], at ¶¶ 15, 16.

[6] Plaintiffs contend that OMB is not exercising due diligence, in part, because OMB has not explained why it has produced a total of 944 documents, even though OMB has reviewed a total of 2,000 documents. *See* Pls.' Response to Defs.' Notice of Filing, ECF No. [27]. The Court finds Plaintiffs' argument unavailing. Plaintiffs do not indicate that OMB has failed to respond to a request for a *Vaughn* Index, nor do Plaintiffs indicate that they have even requested one. Furthermore, OMB stated in their Status Report filed on March 9, 2016, that "[i]n the event that

In addition, the Court finds that OMB has exercised due diligence by processing Plaintiffs' FOIA request within OMB's "multi-track" processing system. *See id.* at 1-2. Under this "multi-track" system, OMB resolves "simple" and "expedited" requests in an expedited fashion, while OMB concurrently responds to "complex requests" by making rolling productions. *See id.* The Court finds this model to be an economic and effective manner of reducing the current backlog and to be consistent with applicable statutory and regulatory authorities. *See* 5 U.S.C. § 522(a)(6)(E); 5 C.F.R. § 1303.10(d).[7]

Furthermore, at present, OMB is processing 27 other FOIA requests that pre-date Plaintiffs' request and have been identified by OMB as "complex" in nature. *Id.* at 1. Therefore, when counting Plaintiffs' request, OMB is processing at least 28 separate *complex* FOIA

---

Plaintiffs request that OMB provide a *Vaughn* Index for any documents produced prior to OMB completing production of all responsive documents, OMB shall provide Plaintiffs within a reasonable period of time, not more than 60 days, following such request." Defs.' Status Report (Mar. 9, 2016), ECF No. [14].

[7] The Court notes that earlier this year, OMB adopted new procedures for addressing the significant increase in the number and complexity of FOIA requests that the agency receives. *See* Defs.' Notice, ECF No. [26]. Plaintiffs contend that OMB failed to justify the change from the "first-in, first-out" policy to the "multi-track" policy. Pls.' Response to Defs.' Notice, ECF No. [27]. Plaintiffs also contend that OMB failed to diligently respond to Plaintiffs' request at the earlier time when OMB was following the "first-in, first-out policy." *Id.*

The Court finds Plaintiffs' arguments unavailing. OMB has identified at least 28 requests, including Plaintiffs' request, that involve "voluminous requests, requests for which lengthy or numerous consultations rare required, or requests that may involve sensitive records." Defs.' Notice, ECF No. [26], at 2. OMB determined that the "multi-track" processing system provided a more effective means of reducing the overall backlog of requests before the agency. *See id.* Furthermore, there is no evidence that OMB inappropriately "skipped over" Plaintiffs' request when OMB was following the "first-in, first-out" policy. If anything, the fact that OMB was reviewing 500 documents each month for Plaintiffs' request—combined with the fact that there were already 27 complex requests predating Plaintiffs' request—raises an inference that Plaintiffs' request may have been "skipped *ahead*" of earlier requests that were still pending.

requests.[8]  At its current staffing capacity, OMB is able to review approximately 575 documents per day, or approximately, 12,650 documents per month.  *See* Hardy Decl., ECF No. [23-1], at ¶ 7.  If OMB were to allocate its resources evenly across those 28 requests, OMB would be reviewing, on average, approximately 450 documents per request each month—slightly less than the 500 documents per month that OMB is reviewing in response to Plaintiffs' FOIA request.  In light of the foregoing, the Court finds that OMB has demonstrated due diligence in processing Plaintiff's FOIA request and that OMB is making "reasonable progress" in reducing the backlog of FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C)(ii)-(iii).  Accordingly, the Court finds that OMB has successfully established that an *Open America* stay is warranted.

Finally, the Court notes that OMB has not specified the length of time for which they seek an *Open America* stay.  The Court notes that as of the date of this Memorandum Opinion, OMB has reviewed approximately 2,000 of the 4,900 emails identified as potentially responsive to Plaintiffs' request.  At OMB's current rate of reviewing 500 emails per month, it is expected that OMB will complete its review of the emails at issue within the next six months.  Accordingly, the Court shall grant OMB a stay of six months, until **January 25, 2017**.

In the interim, OMB shall continue to review 500 documents per month and shall produce any responsive documents each month until it has produced all responsive documents that it has gathered.  As stated in OMB's Status Report dated March 9, 2016, OMB shall exclude attachments to emails from the search for responsive documents, without prejudice to Plaintiffs' right to receive within 60 days the responsive attachments, subject to applicable FOIA exemptions, upon request following Plaintiffs' review of the email(s) to which they were

---

[8] Plaintiffs do not dispute OMB's decision to classify Plaintiffs' request as "complex," nor do Plaintiffs argue that their request qualifies for "expedited" treatment under applicable authorities.

attached.  *See* Defs.' Status Report (Mar. 9, 2016), ECF No. [14].  In the event that Plaintiffs request that OMB provide a *Vaughn* Index for any documents produced prior to OMB completing production of all responsive documents, OMB shall provide Plaintiffs with a *Vaughn* Index within a reasonable period of time, not more than 60 days, following such request.

Finally, the Court shall require OMB to file a status report with the Court on or before **September 23, 2016**—60 days after the filing of this Memorandum Opinion—regarding OMB's progress in processing Plaintiffs' FOIA request.  The Court shall also require OMB to file a second status report with the Court on or before **December 22, 2016**—90 days after the first status report—regarding OMB's progress in processing Plaintiffs' FOIA request.

## IV.  CONCLUSION

For the foregoing reasons, the Court shall GRANT Defendants' [23] Motion for an *Open America* stay and shall DENY the relief requested by Plaintiffs in their [16] Motion for Scheduling Order.

An appropriate Order accompanies this Memorandum Opinion.


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge